PER CURIAM
| (Writ granted; stay denied.
The district court denied the defendant’s motion to suppress a statement by which he claimed ownership of a stolen shotgun.
The appellate court granted the defendant’s writ application, ruling that the statement should be suppressed because the state failed to adduce testimony to adequately describe the warnings given to the defendant when police mirandized him.
The appellate court erred; Miranda warnings did not apply to the defendant’s statement. Testimony at the suppression hearing established that the defendant made the statement upon witnessing police discover the shotgun, and not from any police questioning, as follows:
Q. And are you aware of whether or not that statement that the shotgun located beneath the driver’s seat belonged to him—was that in response to any questioning?
A. No, ma’am.
As this court previously explained, “[s]pontaneous and voluntary statements, not given as a result of police interrogation or compelling influence, are admissible in evidence without Miranda warnings even where a defendant is in custody.’) a State v. Castillo, 389 So.2d 1307, 1310 (La.1980). Here, the testimony establishing that the defendant’s statement was unsolicited by police questioning was unrefuted. The state, therefore, earned “the burden of proving the admissibility of a purported confession or statement by the defendant” under La. C.Cr.P. art. 703(D).